**Darryl T. GAYNOR, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 08–CF–206.**

District of Columbia Court of Appeals.

Argued March 2, 2011.
Decided March 31, 2011.

cided to award attorney's fees to appellee.

Jessica Brand, Public Defender Service, with whom James Klein, Jaclyn S. Frankfurt, and O. Dean Sanderford, Public Defender Service, were on the brief, for appellant.

Stratton C. Strand, Assistant United States Attorney, with whom Ronald C. Machen Jr., United States Attorney, and Elizabeth Trosman, Mary B. McCord, and Sharon Marcus–Kurn, Assistant United States Attorneys, were on the brief, for appellee.

Before REID and FISHER, Associate Judges, and KRAVITZ, Associate Judge, Superior Court of the District of Columbia.*

FISHER, Associate Judge:

After a jury trial, appellant Darryl T. Gaynor was convicted of two counts of first degree sexual abuse with aggravating circumstances [1] and one count of incest.[2] Appellant now challenges his convictions for first degree sexual abuse, arguing that the instructions regarding the affirmative defense of consent unconstitutionally shifted the burden of proof to appellant to disprove the element of force. During deliberations the jury expressed confusion about these instructions, and we conclude that the trial judge's supplemental instructions failed to clear away this confusion. Because there is a reasonable likelihood that the jury applied the consent instructions in an unconstitutional manner, we reverse appellant's convictions for first de-

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (2001).

1. D.C.Code §§ 22–3002, –3601 (2001).

2. D.C.Code § 22–1901 (2001).

gree sexual abuse and remand the case for a new trial on these counts.

## I. Factual and Procedural Background

Appellant and his 72–year–old aunt, N.J., lived in a one-bedroom apartment in the Northeast quadrant of the city. Ms. J slept in the bedroom, and appellant slept on the couch. It is undisputed that on May 17, 2007, sexual acts, including intercourse and oral sex, occurred between appellant and his aunt. At a trial that began on November 5, 2007, Ms. J testified that appellant pushed her into the bedroom, threatened her, and forced himself upon her. Appellant contended that Ms. J initiated and willingly participated in the sexual acts.

Because the central issue was whether Ms. J was a willing participant, the trial court proposed, and the government supported, giving a jury instruction on the affirmative defense of consent. At that time, D.C.Code § 22–3007 (2001) (since amended) stated that "[c]onsent by the victim is a defense, which the defendant must establish by a preponderance of the evidence...." In *Russell v. United States,* 698 A.2d 1007 (D.C.1997), we upheld the constitutionality of this statute, but cautioned "that the jury should be expressly instructed that it may consider the affirmative defense evidence when it determines whether the government has met its burden to prove all the elements of the offense beyond a reasonable doubt." *Id.* at 1015–16.

The standard Redbook instruction on the consent defense to sexual abuse, which the trial judge proposed to give in the instant case, had been modified in light of *Russell* to include the following language:

"You may consider evidence of consent in deciding whether the government has proved beyond a reasonable doubt that the defendant used [force] [or] [a threat ...].... " Criminal Jury Instructions for the District of Columbia, No. 4.61 (4th ed. rev.2007) (brackets in original). However, adhering to the statutory command, the instruction still explained that the defendant bore the burden of proving consent by a preponderance of the evidence.

Appellant's trial counsel objected to the instruction, asking the trial court to eliminate the reference to appellant's burden of proving consent. Counsel argued that the instruction and the statute violated appellant's due process rights by placing on him the burden to disprove force, which was an element of the offense of first degree sexual abuse and something that the government had to prove beyond a reasonable doubt. On November 7, 2007, at the close of the evidence, the trial court gave the proposed instruction regarding the affirmative defense of consent.

On November 8 at 11:45 a.m., after deliberating for an hour on November 7 and a couple of hours on the morning of November 8, the jury sent a note indicating that it was hopelessly deadlocked on the first degree sexual abuse counts but had reached a unanimous decision on the charge of incest, the only count for which consent was not a defense. Appellant's counsel moved for a mistrial on the two counts of first degree sexual abuse, but the trial judge denied appellant's request and sent the jury back for additional deliberations.

At 2:15 p.m. the jury sent another note which stated: "We need clarification on Rule 4.6.1.B (see underlined passage).[3] Plus, if the defense cannot prove consent;

---

**3.** Instruction 4.61B, so labeled by the trial court, was the standard Redbook instruction on the consent defense to sexual abuse.

does this lack of proof allow us to conclude that a force/threat took place?" Over multiple objections by appellant, the trial court provided supplemental instructions, which we will discuss in more detail below. The jury returned to its deliberations at 4:00 p.m. Twenty minutes later, the jury informed the judge that it had reached a unanimous decision on all counts. The jury found appellant guilty of both counts of first degree sexual abuse with aggravating circumstances and one count of incest.

## II. Discussion

Appellant asserts that the instructions likely confused the jury, leading it to believe that, if appellant failed to prove consent by a preponderance of the evidence, the jury could conclude that there was force—thereby unconstitutionally eliminating or alleviating the government's burden to prove the element of force beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding that the due process clause requires the government to prove all elements of an offense beyond a reasonable doubt). Where, as here, the issue has been preserved for appeal, "the proper inquiry is whether there is a reasonable likelihood that the jury *did* apply the instruction in an unconstitutional manner." *Russell*, 698 A.2d at 1013 (emphasis in original) (explaining parenthetically the holding in *Victor v. Nebraska*, 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994)). While the challenged instructions should not be viewed in isolation but rather in the context of the instructions as a whole and the complete trial record, *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citation omitted), "[t]he general jury instruction on the gov-

ernment's burden to prove the elements of the offense beyond a reasonable doubt is not necessarily sufficient, by itself, to overcome other confusing or ambiguous instructions on the burdens of proof." *Russell*, 698 A.2d at 1013 (citing *Sandstrom v. Montana*, 442 U.S. 510, 518–19 & n. 7, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).

In its initial instruction regarding the consent defense, the trial court described a two-step process that the jury should follow in evaluating evidence of consent. The jury should first determine whether the government had proven all elements of first degree sexual abuse, including force, beyond a reasonable doubt, and in making this determination, it could consider evidence of consent. Only if the jury found that the government had met its burden of proving all elements beyond a reasonable doubt should it move to the second step, which was deciding whether appellant had proven, by a preponderance of the evidence, that Ms. J had consented.[4]

The first note, which stated that the jury was hopelessly deadlocked on the first degree sexual abuse counts but had reached a unanimous decision on the incest count, seemed to indicate that the jury was having trouble applying the defense of consent. (Consent was not a defense to incest.) The second note confirmed that the jury was confused by the instructions on the affirmative defense of consent. That note, which directed the court's attention to underlined portions of the consent instruction, asked, "if the defense cannot prove consent; does this lack of proof allow us to conclude that a force/threat took place?" At a minimum, this note demonstrated the jury's confusion about the bur-

---

4. As discussed below, we do not opine on the constitutionality of these initial instructions. A separate panel of this court is presented more squarely with the issue of whether the initial instructions are constitutional as applied. *See Hatch v. United States*, No. 08–CF–1362 (argued Feb. 24, 2011).

dens of proof. It also tended to show that the jurors had reached the second step of the analysis, which inquired whether the defendant had proven consent by a preponderance of the evidence, before deciding whether the government had proven all elements of the offense, including force, beyond a reasonable doubt.

While "[t]he decision on what further instructions, if any, to give in response to a jury question lies within the sound discretion of the trial court[,] ... [w]hen a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy." *Yelverton v. United States*, 904 A.2d 383, 387 (D.C.2006) (internal quotations and citations omitted). In this case, the trial court's supplemental instruction failed to do this and likely added to the confusion regarding the burdens of proof.

The supplemental instruction appropriately explained that, "in deciding the issue of force, you may properly take into consideration the evidence or lack of evidence regarding consent as you see it." However, the instruction immediately stated: "It is the defendant's burden to prove consent. The government's burden is to prove all of the element[s] beyond a reasonable doubt, each and every element." The sequencing and juxtaposition of these sentences seemed to suggest (unconstitutionally) that appellant bore the burden of proving consent by a preponderance of the evidence before the jury could consider this evidence of consent in deciding whether the government had established force beyond a reasonable doubt. Although, as the government points out, the trial court "repeatedly and emphatically instructed the jury" about the government's burden to prove the element of force beyond a rea-

sonable doubt, this general instruction was not sufficient to overcome the confusion inherent in applying the statute to these circumstances and increased by the supplemental instructions. Based on the record before us, there is a reasonable likelihood that the jury applied the consent instructions in an unconstitutional manner.

Appellant also argues that the initial instruction on consent cannot constitutionally be given in a case like this where a defense claim of willing participation is intended to negate the element of force. According to appellant, the consent instruction may only logically and constitutionally be given in a case where "there is evidence that force was used but excused nonetheless, such as when a defendant asserts a mistake of fact—i.e., that he reasonably believed that the victim consented—or contends that the victim consented to his use of force, such as in sado-masochistic sex." We likewise find it difficult to conceive of other instances in which the government could establish force beyond a reasonable doubt yet the appellant could prove consent by a preponderance of the evidence.

But we ordinarily will not address constitutional issues such as this one when the case may be resolved on different grounds. *Cf. In re L.L.*, 974 A.2d 859, 866 n. 3 (D.C.2009) (quoting *Olevsky v. District of Columbia*, 548 A.2d 78, 81 (D.C.1988)) ("The practice of avoiding constitutional issues if it is reasonably possible to do so is predicated on a fundamental rule of judicial restraint, which is perhaps more deeply rooted than any other doctrine of constitutional adjudication."). Moreover, it is not certain that the challenged instruction will be given at a retrial of this case.[5]

5. In 2009, the statute that served as a basis for the challenged instruction was modified to

eliminate a defendant's burden to prove consent by a preponderance of the evidence. *See*

### III. Conclusion

Appellant's convictions for first degree sexual abuse are hereby reversed, and this case is remanded for a new trial on those counts. The conviction for incest is hereby affirmed.

*So ordered.*

D.C.Code § 22–3007 (2010 Supp.). Appellant has advised us in a supplemental filing that he plans to argue that "the trial court would have to apply the new statute" at any retrial. Accordingly, appellant suggests, "if the Court decides to reverse based on the issue of the trial court's response to the jury note, it would not need to address the question of the propriety of the initial affirmative consent de-fense instruction because that issue would not arise on retrial under the new statute." We decline to decide which version of the first degree sexual assault statute will govern at a retrial in this case (the government argues that the old version applies), as we believe the issue is best addressed in the first instance by the judge presiding at the retrial.